UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY THOMAS MORIN,<br><br>         Plaintiff,<br><br>    v.<br><br>DANIEL T. SATTERBERG, et al.,<br><br>         Defendants. | Case No. C14-1335 RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Jeffrey T. Morin, a pretrial detainee at the King County Jail, submitted a pro se 42 U.S.C. § 1983 complaint contending the defendant state prosecutors violated King County Local Superior Court Civil Rule 37; Mr. Morin also submitted a deficient IFP application. Dkt. 1. The Court recommends **DISMISSING** the complaint with prejudice because it fails to state a claim upon which § 1983 relief may be granted, and is subject to the *Younger* abstention doctrine. If this recommendation is adopted, the Court recommends striking the IFP application as moot.

**BACKGROUND**

Mr. Morin's allegation revolves around state criminal charges currently pending against him in King County Superior Court.[1] In specific, his proposed complaint alleges:

---

[1] The Court takes judicial notice of the Washington Courts, King County Superior Court on-line case summary indicating Mr. Morin is currently being prosecuted for Failing to Register as a Sex Offender in King County Case No. 13-1-11684-3.

REPORT AND RECOMMENDATION - 1

> On 23, July, 2014, and in open court, Judge: Lum, presiding. And upon defenses motion to produce defense witness, pros/attorney Raul Martinez, did upon personal inquiry or other-act, did schedule interview on or about 29, July, 2014.  On 30, July, 2014, Def., counsel was in receipt of information depicting that def., counsel's witness was interviewed by pros/attorney: Corrin Bohn and state witness (or) potential witness, did interview def. witness without knowledge, consent, or other-wise of def., counsel. On or about, 1-8, Aug. 2014, state witness (or) potential, did conduct interview of def., Witness, without knowledge, consent, or otherwise, of def., counsel. (re: SPD detective: Tim Fields).

Dkt. 1-1 (complaint).  The complaint names King County Prosecuting Attorney Daniel T. Satterberg, deputy prosecuting attorneys Raul Martinez and Corrin Bohn, and Seattle detective Tim Fields as defendants and seeks relief "pursuant to an in-accord to Superior crt. R./LCR 37." *Id.* .

## DISCUSSION

The complaint should be dismissed for two reasons.  First, to sustain a § 1983 civil rights action, Mr. Morin must show his federal constitutional or statutory rights were violated by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Mr. Morin presents nothing showing his federal rights were violated.  Rather, he alleges the defendants violated a state court local rule, a violation which is not actionable under § 1983.

Second, federal courts normally cannot interfere with pending state criminal or civil proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987).  *Younger* abstention is appropriate

---

http://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S17&casenumber=13-1-11684-3&searchtype=sName&token=52E8DD8CDD8A9A5FD69BA658F5DBEB9A&dt=7F13A1D570BE98EADD8D9DECA1DD171C&courtClassCode=S&casekey=166517067&courtname=KING CO SUPERIOR CT  (last accessed September 2, 2014).

REPORT AND RECOMMENDATION - 2

where: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). Mr. Morin's case satisfies all three criteria for *Younger* abstention. Mr. Morin's complaint involves an ongoing state criminal prosecution, a matter involving important state interests, and there is nothing indicating Mr. Morin cannot adequately address his claims in the state courts. *Younger*, 401 U.S. at 43-44. In sum, this Court is barred from intervening in Mr. Morin's pending state criminal case under the *Younger* abstention doctrine.

## CONCLUSION

For the reasons above, the Court recommends **DISMISSING** Mr. Morin's complaint with prejudice because it fails to state a claim upon which relief may be granted under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii), 1915A(b), and because it is barred by the *Younger* abstention doctrine. The Court further recommends the IFP application be stricken as moot.

In some cases, the Court will grant a civil plaintiff leave to amend his present complaint before recommending it be dismissed. This is not such a case. As noted above, Mr. Morin's claims are not cognizable under § 1983 and are barred by the *Younger* abstention doctrine. These flaws cannot be cured by amendment. As amendment would be futile, the Court recommends the matter be dismissed without leave for further amendment of the complaint. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that a pro se litigant should be afforded the opportunity to amend the complaint unless "it is absolutely clear that no amendment can cure the defect").

If Mr. Morin objects to this Recommendation, he must file his objections with the Court no later than **September 23, 2014**. Mr. Morin should attach to his objections an amended

REPORT AND RECOMMENDATION - 3

complaint if he believes amendment can cure the flaws noted above.  The Clerk should note the matter for **September 26, 2014**, as ready for the District Judge's consideration.  Objections shall not exceed five pages. The failure to timely object may affect the right to appeal.  The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 3rd day of September, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4